### FELLOWES v. JOHNSON.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. PARTNERSHIP—DISSOLUTION—ACCOUNTING—LIMITATIONS.

On November 1, 1889, a copartnership existing between plaintiff and defendant was dissolved by mutual consent. Defendant's evidence, partially corroborated by plaintiff, was that at the time of the dissolution the firm was practically insolvent, and that it was agreed that defendant was to take the assets, discharge the obligations, and save plaintiff harmless therefrom. In March, 1895, plaintiff requested a copy of the trial balance on the day of the dissolution, and a statement of his account, which defendant failed to furnish, by reason of not having the data, and inclosed a claim against plaintiff accruing from transactions after the dissolution. This, however, the parties settled by setting off plaintiff's alleged claim against the old firm, and, after substantially all the books and papers of the firm had been lost or destroyed without defendant's fault, plaintiff, in May, 1901, brought suit for dissolution of the firm, the appointment of a receiver, and for an accounting. *Held*, that such facts justified a find-

ing that the affairs of the parties had been settled at the time of the dissolution of the firm, and hence plaintiff's rights, if any, were barred by limitations.

Appeal from Special Term, New York County.

Action by Cornelius Fellowes against Davis Johnson. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

David Burr Luckey, for appellant.
Charles E. Lydecker, for respondent.

McLAUGHLIN, J. Prior to 1889 the parties to this action were for a short time copartners in business. The copartnership, however, was on the 1st of November, 1889, dissolved by mutual consent. This action was commenced in May, 1901, eleven years and six months after the dissolution, to procure a judgment dissolving the copartnership, the appointment of a receiver, and an accounting. The complaint was dismissed after trial at Special Term, and the plaintiff appeals.

We think, upon all of the facts set out in this record, the complaint was properly dismissed. The evidence adduced at the trial on the part of the defendant, which was corroborated in some respects by the plaintiff, tended to establish that at the time of the dissolution of the firm it was practically insolvent, and that it was agreed between the parties the defendant should take its assets, discharge its obligations, and save the plaintiff harmless therefrom. This is precisely what appears to have been done. The plaintiff took no interest in the firm's affairs from that time until the commencement of this action, except that in March, 1895, he wrote the defendant as follows:

"Please send me a copy of our trial balance on the day of the dissolution of our copartnership. Also a statement of my account with interest to date."

The defendant replied, a few days later:

"I do not see how I can answer your letter of March 1st, as I have not the data. I enclose the only account I have with you on my books, showing a debit of $2,802.68, for which you will kindly send me a check at your early convenience as I am much in need of the money."

The account inclosed was for a balance due defendant from plaintiff, growing out of transactions in stocks subsequent to the dissolution. After this correspondence, it seems, the parties met, and the plaintiff then claimed there ought to be a sufficient balance due him from the old firm to offset this indebtedness, which the defendant denied, claiming that, under the agreement of dissolution, the plaintiff released his claim to all of the assets in consideration of the defendant's assuming its obligations; but, it appears, as a result of this conference the defendant did cancel such indebtedness. Nothing more was done until 1901, when this action was brought, as above indicated. In the meantime substantially all of the books and papers of the firm had been destroyed or lost, without any fault of the defendant, and there was no way in which a statement of the transactions of the firm, including its assets and obligations at the time of the dissolution, could be ascertained with any degree of accuracy. The action of both parties would seem.

to indicate that the partnership affairs were finally settled and adjusted at the time of the dissolution. If this be true, then whatever rights, if any, the plaintiff had, must be determined as of that date, and the enforcement of which at this time is barred by the statute of limitations pleaded by defendant.

The judgment appealed from, therefore, must be affirmed, with costs. All concur.